UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SMITH, JR.,

    Petitioner,

v.                                                 CASE NO. 04-CV-71336-DT
                                                    HONORABLE VICTORIA A. ROBERTS

JERI ANN SHERRY,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING**

Petitioner John Smith, Jr., has applied for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition attacks Petitioner's state convictions for second-degree murder, felony firearm, and carrying a concealed weapon.  The grounds for relief read:

    I.    The Sixth Amendment mandates reversal because the trial judge conducted a critical stage of the trial - the giving of supplemental instructions to the jury - in the absence of counsel.

    II.    The trial court abused its discretion, when the trial court failed to give the jury the instruction for imperfect self-defense, thereby den[ying] the defendant the right to fair trial under the United States Constitution, amend. V., art. I, § 17.

    III.    Defendant-appellant was denied a fair trial when the prosecutor failed to present enough evidence to support the charge of second degree murder, when there was no evidence of intent presented during trial.

    IV.    Defendant-appellant's sentence of life imprisonment is cruel and/or unusual punishment, and is excessive considering the defendant-appellant's background and the offense.

    V.    Defendant-appellant is entitled to a new trial based on the numerous trial court errors during his trial.

This matter currently is pending before the Court on Petitioner's combined motion for an evidentiary hearing and for appointment of counsel. Petitioner alleges that further development of the record is necessary for a fair and informed adjudication of the claims advanced in his habeas petition.

Petitioner has no absolute right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)), *cert. denied,* 538 U.S. 984 (2003). He would be entitled to appointment of counsel if the Court granted his motion for an evidentiary hearing. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Generally, however, "a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

Although the state courts declined to grant a hearing, and the facts may be in dispute, the Court is unable to say at the present time whether Petitioner has alleged sufficient grounds for release. Accordingly, Petitioner's motion for an evidentiary hearing and for appointment of counsel [Doc. #9, November 12, 2004] is DENIED without prejudice.

    S/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: July 19, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 19, 2005.

s/Carol A. Pinegar
Deputy Clerk