UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SMITH, Jr.,

    Petitioner,                                   Civil No. 04-CV-71336-DT
                                                      HONORABLE VICTORIA A. ROBERTS
v.                                              UNITED STATES DISTRICT JUDGE

JERI ANN SHERRY,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

John Smith, Jr., ("Petitioner"), currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction and sentence on one count of second-degree murder, M.C.L.A. 750.317; M.S.A. 28.549; one count of carrying a concealed weapon, M.C.L.A. 750.227; M.S.A. 28.424; and one count of possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b; M.S.A. 28.424 (2). For the reasons stated below, the Court will deny the Petition for Writ of Habeas Corpus. The Court will also deny Petitioner's Motion for an Evidentiary Hearing.

## I.  Background

Petitioner was originally charged with open murder[1], carrying a concealed weapon, and felony-firearm.  Following a jury trial in the Genesee County Circuit Court, Petitioner was found guilty of second-degree murder, carrying a concealed weapon, and felony-firearm.

The evidence at trial established that Petitioner shot and killed the victim, Melvin Hawk, during an altercation at a basketball game at a gymnasium in Flint, Michigan. Petitioner and the victim got into an argument, which continued until Petitioner left the gymnasium, promising to return with a gun.  Petitioner returned about ten to fifteen minutes later and knocked on the door of the gym to get back inside.  The victim went to answer the door.  When the victim returned to the gym, he informed the other persons at the gym that Petitioner had a gun.

Petitioner and the victim began to argue again, with the victim accusing Petitioner of pointing a gun at him.  Petitioner pulled his gun out and said "fuck that."  Petitioner and the victim struggled over the gun.  Petitioner broke free from the struggle and shot the victim.  The victim fell face down on the floor.  While the victim was lying on the floor, Petitioner stood over him and fired two or three more gunshots into the victim's body.  Petitioner's aunt testified at trial that Petitioner tended to "get even" with persons who provoked him.

---

[1] Under Michigan law, it is proper to charge a defendant with the crime of open murder.  Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 662, n. 2 (E.D. Mich. 2002).

Petitioner's conviction was affirmed on appeal. *People v. Smith,* 234830 (Mich.Ct.App. May 20, 2003); *lv. den.* 469 Mich. 985; 673 N.W. 2d 761 (2003). Additional facts will be discussed when addressing Petitioner's claims. Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The Sixth Amendment mandates reversal because the trial judge conducted a critical stage of the trial-the giving of supplemental instructions to the jury-in the absence of counsel.
>
> II. The trial court abused its discretion, when the trial court failed to give the jury the instruction for imperfect self-defense, thereby denied (sic) the defendant the right to fair trial under the United States Constitution, Amend. V, Art. 1, Sec. 17.
>
> III. Defendant-Appellant was denied a fair trial, when the prosecutor failed to present enough evidence to support the charge of second degree murder, when there was no evidence of intent presented at trial.
>
> IV. Defendant-Appellant's sentence of life imprisonment is cruel and/or unusual punishment, and is excessive considering the defendant-appellant's background and the offense.
>
> V. Defendant-Appellant is entitled to a new trial based on the numerous trial court error's (sic) during his trial.

## II. Standard of Review.

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The absence of counsel claim.**

Petitioner first claims that the trial court judge violated his Sixth Amendment right to counsel when he gave a supplemental jury instruction to the jury in the absence of counsel. Petitioner contends that he is entitled to automatic reversal of his conviction without a showing of prejudice, because this was a critical stage of the prosecution to which he was entitled to the assistance of counsel.

After the jury had begun its deliberations, an alternate juror who had been excused informed the trial court judge that he had heard about an incident, in which another criminal defendant in an unrelated case became disruptive and broke a window

in the courtroom where Petitioner's trial was taking place. The alternate juror mistakenly concluded that Petitioner had broken the window. The trial court judge reconvened the jury and in the absence of counsel, informed the jury that the courtroom window had not been broken by Petitioner, but by another defendant in an unrelated case. The trial court instructed the jurors that if they had any information about this incident, it was not to be considered in their deliberations. The trial court judge further instructed the jury that they must make their decision based only on properly introduced evidence from witnesses and exhibits, and not from any rumors or other things that happened outside the jurors' presence. A juror sought to ask a question, but the trial court instructed the juror to put it in writing. (Tr. V, pp. 83-84). Previously, during its initial instructions, the trial court had instructed the jurors that they could base their verdict only upon evidence that was properly admitted, which was only the sworn testimony of witnesses and exhibits that were properly admitted.( *Id.* at pp. 59-60). The trial court judge further advised the jury that they could base their decision only on properly admitted evidence. (*Id.* at p. 61).

     The Michigan Court of Appeals rejected Petitioner's claim that the trial court's communication with the jurors about the disruptive defendant in an unrelated case required automatic reversal of his conviction. In so ruling, the Michigan Court of Appeals found that the trial court's instruction was an "administrative communication" which carried no presumption of prejudice, because the instruction rejected what the jurors may have erroneously considered to be evidence and instructed the jurors that they

could base their verdict solely upon the properly admitted evidence. Further, although this was not a verbatim jury instruction, the instruction reflected the original jury instruction that was given to the jury. The Michigan Court of Appeals further found that this communication served to guarantee Petitioner's right to a fair trial by ensuring that the jury consider only properly admitted evidence. *People v. Smith,* Slip. Op. at * 3-4.

The U.S. Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984). The existence of certain structural defects in a trial, such as the deprivation of the right to counsel, requires automatic reversal of the conviction because it infects the entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). The U.S. Supreme Court has routinely found constitutional error without any specific showing of prejudice to a defendant when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *United States v. Cronic*, 466 U.S. at 659, n.25; *United States v. Minsky*, 963 F. 2d 870, 874 (6th Cir. 1992).

The giving of a supplemental jury instruction is a critical stage of the criminal proceeding. *Rushen v. Spain*, 464 U.S. 114,119, fn. 4 (1983); *French v. Jones,* 332 F. 3d 430, 438-39 (6th Cir. 2003). Re-instructing a jury is also a critical stage of the proceedings for purposes of the Sixth Amendment right to counsel. *See Caver v. Straub,* 349 F. 3d 340, 350 (6th Cir. 2003).

However, in *Hudson v. Jones,* 351 F. 3d 212, 216-18 (6th Cir. 2003), the Sixth

6

Circuit held that the trial court's re-reading of jury instructions that had previously been given to the jury was not a critical stage of the criminal proceedings, for Sixth Amendment purposes. Therefore, prejudice to the habeas petitioner could not be presumed based upon defense counsel's absence during the re-reading of these instructions. *Id.*

Likewise, in *United States v. Koskela,* 86 F. 3d 122, 125 (8th Cir. 1996), the Eighth Circuit held that giving a cautionary instruction to the jury outside the presence of the defendant and counsel that they should disregard the co-defendant's disruptive courtroom behavior during their deliberations was harmless error, where the nature of the instruction was not prejudicial and the instruction's purpose and presumed effect was to prevent any potential prejudice against defendant based upon his co-defendant's disruptive behavior. Other courts have reached similar conclusions regarding the absence of counsel in situations in which a trial court judge gave a curative instruction to alleviate any prejudice caused by a co-defendant's disruptive behavior. *See United States v. Vilella,* 49 F. Supp. 2d 232, 237-38 (S.D.N.Y. 1999)(any error resulting from the absence of defendant and his counsel from the colloquy following a disruptive outburst by the co-defendant during the course of the defendant's closing argument was harmless error).

In the present case, the Michigan Court of Appeals' decision that Petitioner was not entitled to automatic reversal of his conviction based on the trial court's communication with the jurors without counsel being present was not an unreasonable

application of clearly established law. The trial court did not give additional or supplementary instructions to the jury but essentially repeated his earlier instructions to them that they should decide the case based solely upon the evidence which was properly introduced at trial. Moreover, any presumption of prejudice is overcome in this matter by virtue of the fact that the whole purpose of the cautionary instruction was to alleviate any prejudice to Petitioner which may have been caused by the disruptive courtroom actions of a defendant in an unrelated case, first, by advising the jury that Petitioner was not involved in this courtroom disturbance, and secondly, by admonishing the jurors that they should not consider this information in reaching a verdict. Accordingly, Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The jury instruction claim.

Petitioner next contends that he was deprived of a fair trial, because the trial court judge failed to instruct the jury on the defense of imperfect self-defense.

The Michigan Court of Appeals rejected Petitioner's claim, in part, by finding that the doctrine of imperfect self-defense was inapplicable, in light of the fact that Petitioner could have safely retreated and that he used excessive force against the victim by shooting the victim three more times while he was lying on the ground. *People v. Smith,* Slip. Op. at * 5-6.

The Sixth Circuit has held that "[g]enerally, a defendant is entitled to jury instructions on defense theories that are supported by law and raised by the evidence presented." *Williams v. Kentucky*, 124 F. 3d 201, 204 (6th Cir. 1997). However, a

8

requested instruction must be supported by sufficient evidence. *Mathews v. United States*, 485 U.S. 58, 63 (1988); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 643 (E.D. Mich. 2001). Moreover, "[W]hile a defendant is entitled to have a jury instruction on any defense which provides a legal defense to the charge against him, the failure to give such an instruction will not alone mandate the issuance of a writ of habeas corpus." The omission of the instruction must so infect the trial that the resulting conviction violates due process. *See Sanders v. Israel*, 717 F. 2d 422, 425 (7th Cir. 1983)(internal citations omitted). When the issue before the habeas court is the omission of an instruction, a habeas petitioner's burden is especially heavy. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 604 (E.D. Mich. 2001). A conviction will not be overturned even on direct appeal for refusal to give a requested jury charge unless that instruction represents a theory of the defense with a basis in the record that would lead to an acquittal. *Id.*

The Michigan Supreme Court has not yet recognized the doctrine of imperfect self-defense as a defense. *See People v. Posey*, 459 Mich. 960; 590 N.W. 2d 577 (1999). The Michigan Court of Appeals, however, has recognized imperfect self-defense as a qualified defense that can mitigate a murder charge to voluntary manslaughter. This defense is available where the defendant would have been entitled to raise the theory of self-defense had he or she not been the initial aggressor. *People v. Kemp*, 202 Mich. App. 318, 323; 508 N.W. 2d 184 (1993). A defendant is not entitled to invoke the doctrine of imperfect self-defense if he or she initiated the confrontation between the victim and himself or herself with the intent to kill or do great bodily harm, even if, at

9

the time he or she killed the victim, the defendant honestly and reasonably believed that his or her life was in danger. *Id.* at 324. The imperfect self-defense theory is also unavailable where the defendant makes a decision to kill the victim without being in a position where it was immediately necessary. *People v. Butler*, 193 Mich. App. 63, 67; 483 N.W. 2d 430 (1992). Finally, imperfect self-defense is not available if the defendant responded to the victim's aggression with excessive force. *People v. Kemp*, 202 Mich. App. at 325; *See also Whalen v. Trippett*, 225 F. 3d 660, 2000 WL 977342, * 3 (6th Cir. July 7, 2000).

In this case, there was evidence that Petitioner used excessive force in repelling any alleged aggression by the victim, in light of the fact that Petitioner shot the victim an additional two or three times while he was already incapacitated and lying on the ground. Because the facts in this case suggest that Petitioner acted with excessive force in repelling any alleged aggression by the victim, he was not entitled under Michigan law to an instruction on the imperfect self-defense doctrine and would not be entitled to the issuance of a writ of habeas corpus on that basis. *Johnson v. Hofbauer,* 159 F. Supp. 2d at 605; *See also Smith v. Stegall*, 2000 WL 1923510, * 6 (E.D. Mich. December 13, 2000). Petitioner is therefore not entitled to habeas relief on his second claim.

### C. Claim # 3. The sufficiency of evidence claim.

Petitioner next claims that there was insufficient evidence to convict him of second-degree murder, because he was acting in self-defense, or at worst, imperfect self-defense. Petitioner also appears to challenge the credibility of the prosecution witnesses.

The Michigan Court of Appeals rejected Petitioner's claim on several grounds. The Michigan Court of Appeals first found that issues of witness credibility and intent would be left to the trier of fact and not resolved anew by that court. The Michigan Court of Appeals further held that there was sufficient evidence that Petitioner acted with the requisite malice required for second-degree murder, in light of the fact that Petitioner left the gymnasium after arguing with the victim and returned with a gun ten minutes later. After the first gunshot caused the victim to fall to the floor, Petitioner stood over the victim and shot him two to three more times. Petitioner's aunt testified that Petitioner tended to "get even" with persons who provoked him. The Michigan Court of Appeals concluded that there was sufficient evidence to convict Petitioner of second-degree murder. *People v. Smith,* Slip. Op. at * 6.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge,* 190 F. Supp. 2d 974, 985 (E.D. Mich.

11

2002)(internal citations omitted).

> The elements of second-degree murder are:
>
> 1. an intent to kill;
> 2. an intent to do great bodily harm; or
> 3. an intent to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result.

*People v. Dykhouse,* 418 Mich. 488, 494; 345 N. W. 2d 150 (1984). To prove second-degree murder, a prosecutor must establish that the defendant either:(1) intended to kill or do great bodily harm to the victim, or (2) committed a wanton and wilful act the natural tendency of which is to cause death or great bodily harm. *People v. Klave*, 130 Mich. App. 388, 395-96; 343 N. W. 2d 565 (1983). Malice for second-degree murder can be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm. *People v. Djordjevic*, 230 Mich. App. 459, 462; 584 N.W.2d 610 (1998); *See also Hill v. Hofbauer,* 195 F. Supp. 2d 871, 885 (E.D. Mich. 2001). The offense of second-degree murder "does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *People v. Mayhew*, 236 Mich. App. 112, 125; 600 N. W. 2d 370 (1999).

The state court's determination that the prosecutor presented sufficient evidence to establish the element of malice in Petitioner's second-degree murder prosecution was not clearly erroneous, so as to warrant habeas relief. *See Williams v. White,* 183 F. Supp. 2d 969, 975 (E.D. Mich. 2002). In this case, the prosecution presented evidence that Petitioner left the gymnasium after arguing with the victim and returned ten minutes later

with a gun.  When Petitioner and the victim began to argue again, Petitioner pulled his gun out and said "fuck that."  Petitioner and the victim struggled over the gun.  Petitioner broke free and shot the victim.  While the victim was lying on the floor, Petitioner stood over him and fired two or three more gunshots at the victim.  The mere fact that Petitioner shot the victim at least three times provided sufficient evidence that Petitioner acted with the requisite malice and intent required for a second-degree murder conviction. *See Kelley v. Jackson,* 353 F. Supp. 2d 887, 892 (E.D. Mich. 2005).  Sufficient evidence was presented for a reasonable trier of fact to find beyond a reasonable doubt that Petitioner committed all of the elements of second-degree murder and that his killing of the victim was not justified by a claim of perfect self-defense or reduced to voluntary manslaughter by a claim of imperfect self-defense. *See Friday v. Pitcher,* 200 F. Supp. 2d 725, 743 (E.D. Mich. 2002); *aff'd* 99 Fed. Appx. 568 (6th Cir. 2004); *cert. den.* 125 S. Ct. 661 (2004).

      To the extent that Petitioner challenges the jury's credibility determination, he would not be entitled to habeas relief.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002)(internal citation omitted).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

The Michigan Court of Appeals' decision to affirm Petitioner's conviction was neither contrary to, nor an unreasonable application of, the proper sufficiency of evidence standard.  Accordingly, Petitioner's claim does not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1000 (E.D. Mich. 1999).

### D.  Claim # 4.  The sentencing claim.

Petitioner next claims that his sentence of life imprisonment amounts to cruel and unusual punishment and was unduly excessive in light of Petitioner's background and the circumstances of the offense.

This Court initially notes that Petitioner's sentence of life imprisonment for the second-degree murder conviction was within the statutory limits for that offense.  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d at 645.  Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

Moreover, the U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme

14

Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F. 3d 253, 261 (6th Cir. 1995); *Vliet,* 193 F. Supp. 2d at 1015.

In this case, Petitioner's sentence of life imprisonment was within the statutory maximum for second-degree murder. Morever, because the U.S. Supreme Court in *Harmelin* concluded that a sentence of life imprisonment without parole for the offense of possession of more than 650 grams of cocaine was constitutional, this Court concludes that Petitioner's parolable life sentence for second-degree murder is not extreme or grossly disproportionate to the offense or to the offender. *Welch v. Burke,* 49 F. Supp. 2d at 1010.

To the extent that Petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. at 996). Because Petitioner had no constitutional right to an

15

individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Petitioner is therefore not entitled to habeas relief on his fourth claim.

### E.  Claim # 5.  The cumulative errors claim.

In his final claim, Petitioner essentially alleges that he was deprived of a fair trial because of cumulative error. The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002). Therefore, Petitioner is not entitled to habeas relief on his cumulative errors claim. *Id.; See also Salters v. Palmer,* 271 F. Supp. 2d 980, 992 (E.D. Mich. 2003).

### IV.  Conclusion

The Court will deny the Petition for Writ of Habeas Corpus. The Court will also deny a Certificate of Appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court thus has the power to deny a certificate of appealability *sua sponte. Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Grayson,* 185 F. Supp. 2d at 753.

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's Motion for an Evidentiary Hearing is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 29, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record and plaintiff by electronic means or U.S. Mail on November 29, 2005.

s/Carol A. Pinegar
Deputy Clerk

---